The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner (and the briefs and oral arguments before the Full Commission). The Full Commission affirms the decision of the Deputy Commissioner with the exception of the Deputy's Award of attorney fees to plaintiff, on which issue the Full Commission reverses. The Full Commission also denies plaintiff's Supplemental Motion for Attorney's Fees received by the Commission subsequent to the hearing.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer/employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self-insured with Crawford 
Company acting as the servicing agent.
4. Plaintiff's average weekly wage was $449.95, which yields a compensation rate of $299.97 per week.
5. Plaintiff suffered an injury by accident on June 3, 1993, resulting in an injury to his left arm.
6. The defendant-employer admitted liability and certain benefits were paid to plaintiff.
7. The deposition testimony of Dr. Sammy Joseph Oweida was taken and stipulated into evidence after the hearing.
8. The issue to be determined by the Commission is whether plaintiff is entitled to further temporary total disability benefits resulting from his injury by accident.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On June 3, 1993, the plaintiff suffered an injury by accident while employed with the defendant-employer, Santee Carriers, Inc. Plaintiff was operating a torch on the back of a truck when he became unsteady and began to fall off the truck. He caught himself by holding onto the truck with his left hand. Plaintiff suffered a tear of the distal tendon of the biceps muscle in his left arm.
2. Plaintiff had surgery on July 2, 1993. On July 12, 1993, plaintiff returned to work on light duty with the defendant-employer until he was terminated on October 8, 1993, while on light duty. Plaintiff has been unemployed since that time as a result of this workplace injury.
3. Plaintiff's treating physician, Dr. Sam J. Oweida, released plaintiff from his care on February 7, 1994. However, the plaintiff returned to Dr. Oweida on August 15, 1994, with a condition known a synostosis (bone formation) which prevented any range of motion in his left arm. The synostosis was a "significant deterioration" of plaintiff's condition from the last time the doctor had seen him on February 7, 1994.
4. Plaintiff was highly motivated to return to employment at the time of his initial release on February 7, 1994. At that time, the plaintiff asked the doctor not to give him any restrictions. However, Dr. Oweida had concerns at the time of his original release of the plaintiff on February 7, 1994, as to plaintiff's ability to perform the job duties of a mechanic.
5. Plaintiff had further surgery to correct the synostosis on August 31, 1994. On January 23, 1995, Dr. Oweida released plaintiff from his care.
6. Plaintiff's previous jobs involved diesel mechanic work. These positions required manual dexterity in both hands to enable the use of ratchet sets, wrenches, and other tools. Plaintiff began looking for employment after he was terminated on October 8, 1993, and has applied for positions as a mechanic or driver/mechanic with eleven (11) different companies.
7. The defendant introduced no evidence at the hearing as to any particular jobs which it contended the plaintiff could have obtained or which were available to plaintiff during this period of time.
8. Plaintiff reached maximum medical improvement on January 10, 1995 and has a twenty-five percent (25%) permanent partial disability to the arm.
9. Defendant had reasonable grounds upon which to defend plaintiff's claim.
* * * * * * * * * * *
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. It has been the law in North Carolina since 1971 and the decision of Watkins v. Central Motor Lines, Inc., 279 N.C. 132,181 S.E.2d 588, (1971), that "an employee's release to return to work is not the equivalent of a finding that the employee is able to earn the same wage earned prior to the injury." Radica v. Carolina Mills, 113 N.C. App. 440,447, 439 S.E.2d 185, 192 (1994). The Watkins case,supra, held that there is a presumption that disability ends when the employee returns to work at wages equal to those he was receiving at the time his injury occurred.
2. As a result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive temporary total disability compensation at the rate of $229.97 per week from October 8, 1993 and continuing until defendant obtains permission from the Industrial Commission to cease said payments. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to vocational rehabilitation services that would assist him in returning to gainful employment. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to payment of all medical expenses incurred as a result of this injury by accident. N.C. Gen. Stat. § 97-25.
5. Plaintiff is not entitled to an award of attorney's fees in that defendant's actions were not based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. 97-88.1; Sparks v.Mountain Breeze Restaurant Fish House, Inc., 55 N.C. App. 663,286 S.E.2d 575 (1982).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $229.97 per week from October 8, 1993 and continuing until defendant obtains permission from the Industrial Commission to cease said payments. Amounts which have accrued shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendant shall provide vocational rehabilitation services to plaintiff. Plaintiff is hereby ORDERED to cooperate with such services.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows. Twenty-five percent of the lump sum due plaintiff shall be paid directly to his counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ COY M. VANCE