The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. A set of Social Security earnings records marked as stipulated exhibit 1 was received into evidence. (six pages)
2. A set of Social Security earnings records marked as stipulated exhibit 2 was received into evidence. (nineteen pages)
3. A document authorizing Thurman Linker to be the administrator of plaintiff's assets marked as stipulated exhibit 3 was received into evidence. (one page)
4. A copy of plaintiff's death certificate marked as stipulated exhibit 4 was received into evidence.
5. Employment records marked as stipulated exhibit 5 were received into evidence.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the Mr. Ray Bodenheimer and defendant-employers Diamond Steel Construction Company of North Carolina and Diamond Erectors.
3. Mr. Ray Bodenheimer was an eighty-one year old male at the time of his death on November 9, 1991. Mr. Bodenheimer retired from defendant-employer Diamond Steel Construction at the age of sixty-five years-old in 1975. Mr. Bodenheimer smoked a pack of cigarettes a day for fifty years.
4. Mr. Bodenheimer was first exposed to asbestos sometime after World War II. Mr. Bodenheimer had asbestos fiber exposure from working with insulation. Mr. Bodenheimer rolled the insulation out of a roll and used the insulation in ceilings. He was involved in cutting and stretching the insulation and putting it into walls and sides of buildings.
5. In 1968, Mr. Bodenheimer worked for Wilhoit Steel Erectors Rental Service on the Westinghouse project. Asbestos was being used on pipe covering and block. Pipe covering was all over the job. Containers with asbestos were opened on the job site and asbestos would go in the air. A mixture that included asbestos was mixed to put the pipe covering on.
6. Diamond Steel Construction Company of North Carolina was not involved on the Westinghouse project.
7. From 1972-1974, Mr. Bodenheimer worked on the Charlotte Civic Center project as a welder. There is a lack of convincing evidence that asbestos was used at this job site, and there is no convincing evidence that plaintiff was ever exposed to asbestos at this job site.
8. Mr. Bodenheimer was employed by defendant-employer Diamond Steel Construction Company as a welder between the years 1972 to 1975. After 1975, plaintiff was employed with defendant-employer Diamond Erector as a welder.
9. Mr. Bodenheimer worked for the defendant-employer Diamond Steel Construction Company of North Carolina between January and December in 1972, January and March in 1973, and January to March and July to September in 1974 and between April and June of 1975.
10. Mr. Bodenheimer worked for the defendant-employer Diamond Erectors for one hundred and eighty-four hours in 1978. Mr. Bodenheimer worked for defendant-employer Diamond Erectors for seventeen days in January 1985, four days in February 1985, and eight days in January 1986.
11. Mr. Bodenheimer worked only at the Poplar Tent Road shop during his employment with defendant-employer Diamond Erectors.
12. Mr. Bodenheimer was not exposed to asbestos while he was employed with Diamond Erectors. Plaintiff was not exposed to any asbestos insulation, pipes containing asbestos, or blankets containing asbestos while employed with Diamond Erectors.
13. Mr. Bodenheimer did not develop asbestosis. On June 26, 1989, Dr. Shanks and Dr. Kelling had initially diagnosed Mr. Bodenheimer as having developed asbestosis. An autopsy performed on Mr. Bodenheimer after his death failed to reveal any asbestos bodies in the lung that the pathologist examined. In addition to the autopsy, a CT scan performed on September 3, 1991 revealed no obvious pleural plaquing could be seen in plaintiff's lungs.
14. On October 21, 1991, Mr. Bodenheimer was admitted to the emergency room at Mercy Hospital. Mr. Bodenheimer had developed lung cancer which had spread to his liver and bone. Mr. Bodenheimer was transferred to Presbyterian on October 27, 1991 and began to receive radiation therapy.
15. Mr. Bodenheimer's previous exposure to asbestos was a significant causative and contributing factor in the development of the lung cancer that resulted in his death.
16. Mr. Bodenheimer's history of exposure to asbestos placed him at an increased risk for the development of lung cancer above members of the general public not so exposed.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission find as follows:
CONCLUSION OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that the lung cancer resulting in Mr. Bodenheimer's death was significantly contributed to or augmented by any asbestos exposure while Mr. Bodenheimer was employed with Diamond Steel Construction Company of North Carolina or Diamond Erectors. N.C. Gen. Stat. § 97-53. The key determination here is that while plaintiff did suffer from asbestos exposure, the exposure did not occur while working for either Diamond Steel Construction Company of North Carolina or Diamond Erectors.
* * * * * * * * * * *
The foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for worker's compensation benefits is hereby DENIED.
2. Counsel for defendants Diamond Erectors and Fireman's Fund has requested attorneys' fees and costs, pursuant to G.S.97-88.1, be assessed against plaintiff for costs incurred in defending this claim. In the discretion of the undersigned, defendants' motion is HEREBY DENIED. The undersigned do not find that this claim was brought or prosecuted without reasonable ground or with stubborn, unfounded litigiousness. G.S. 97-88.1;Sparks v. Mountain Breeze Restaurant and Fish House,Incorporated, 55 N.C. App. 663, 286 S.E.2d 575 (1982). Accordingly, all parties shall bear their own costs, except as set out in Paragraph 3 below.
3. Defendants shall pay an expert witness fee in the amount of $565.00 to Dr. Shanks, an expert witness fee in the amount of $260.00 to Dr. Kelling, and an expert witness fee in the amount of to $100.00 to Dr. Riley.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1996.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
JHB/nwm 10/22/96