The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, in Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on February 6, 1991, in Industrial Commission Forms 26, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on February 6, 1991, and April 6, 1991, respectively, as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between Plaintiff and Defendant-Employer.
3. On August 24, 1990, Plaintiff sustained an injury by accident arising out of and in the course of her employment with Defendant-Employer.
4. The undersigned takes notice Approving Compromise Settlement and Agreement by former Commissioner J. Harold Davis, filed June 26, 1991, and the Order amending the Compromise Settlement Agreement, filed July 29, 1991.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On August 24, 1990, Plaintiff sustained an injury by accident arising out of and in the course of her employment with Defendant-Employer. As a result of Plaintiff's compensable injury August 24, 1990, Plaintiff sustained back strain and a herniated disc.
2. Thereafter, on October 11, 1990, Plaintiff received temporary partial disability compensation from October 11, 1990 to December 17, 1990.
3. In addition, the parties entered into Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, for payments of temporary total disability compensation following November 8, 1990.
4. Subsequently, the parties entered into an Agreement of Final Compromise Settlement and Release, which was approved by former Commissioner J. Harold Davis, filed June 26, 1991, as amended by Order filed July 29, 1991.
5. The Order approving the Compromise Settlement and Agreement by former Commissioner J. Harold Davis, filed June 26, 1991, approved the Compromise Settlement as fair and equitable. The Compromise Settlement Agreement provided, that ". . . as further consideration for the above-recited payment of $25,000.00, the parties have agreed that in the event the Employee-Plaintiff recovers in a third-party malpractice action by way of settlement or judgment, the Defendant has a lien and will be reimbursed with the first $15,000.00 of any settlement or judgment proceeds. That this $15,000.00 will be a net payment to the Defendant and not subject to any attorney fees which the parties agree will be the sole responsibility of the Employee-Plaintiff." No appeal was taken from this Order approving the Agreement for Final Compromise Settlement and Release.
6. Subsequently, the Plaintiff recovered in her medical malpractice action $60,000.00. The sum of $15,000.00, representing K Mart's portion of the recovery was initially held in the trust account of the Plaintiff's then attorney, Mark D. Hockman. Mr. Hockman initially disbursed approximately $25,000.00 to Plaintiff, retained $20,000.00 for his attorney's fee and then incorrectly, without obtaining an Order of Disbursement from the Industrial Commission or the appropriate resident Superior Court Judge, disbursed the remaining monies of approximately $15,000.00 to Plaintiff.
7. A dispute arose between Plaintiff and Defendant K Mart Corporation as to Plaintiff's obligation to reimburse K Mart Corporation for the medical negligence settlement proceeds which were collected by Plaintiff.
8. To date, Defendant K Mart Corporation's lien has not been satisfied with the first $15,000.00 of any settlement or judgment proceeds received by Plaintiff. On June 23, 1995, the amount of money constituting a lien due Defendant K Mart was transferred from Plaintiff's then attorney's trust account to Plaintiff.
9. In that as consideration for the Agreement for Final Compromise Settlement and Release Defendant K Mart was to be reimbursed with the first $15,000.00 of any settlement or judgment proceeds, which has not been done, the defense of the above-captioned matter was not based in reason but rather in stubborn, unfounded litigiousness.
* * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The presumption is that the Industrial Commission approves Compromise Settlement Agreements only after a full investigation and a determination that the settlement is fair and just. Caudill vs.Chatham Manufacturing Company, 258 N.C. 99, 128 S.E.2d 128 (1962);Hartsell vs. Pickett Cotton Mills, Inc., 4 N.C. App. 67,165 S.E.2d 792 (1969).
2. An Agreement for the payment of compensation, when approved by the Industrial Commission, is as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the commission affirmed upon appeal. Pruitt vs. Knight Publishing Company, 289 N.C. 254,221 S.E.2d 355 (1976).
4. In approving a Compromise Settlement Agreement, the Industrial Commission acts in a judicial capacity and the settlement as approved becomes an award enforceable, if necessary, by a Court decree. Pruitt vs. Knight Publishing Company, 289 N.C. 254,221 S.E.2d 355 (1976).
5. Defendant K Mart Corporation is entitled to reimbursement with the first $15,000.00 of any settlement or judgment proceeds. Pruitt vs. Knight Publishing Company, 289 N.C. 254,221 S.E.2d 355 (1976).
6. The defense of the above-captioned matter by Plaintiff was without reasonable ground. As such, Defendant K Mart Corporation is entitled to be paid by Plaintiff reasonable attorney fees in the amount of $2,000.00. The ruling herein does not prevent Plaintiff from pursuing any other remedies which she has a matter of right. N.C. Gen. Stats. § 97-88.1; Sparks vs.Mountain Breeze Restaurant Fish House, Inc., 55 N.C. App. 663,286 S.E.2d 575 (1982). Evans vs. Young-Hinkle Corporation, COA No. 95-987 (filed September 3, 1996).
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Plaintiff, Gloria Scott, shall pay $15,000.00 to Defendant K Mart Corporation.
2. The approved Compromise Settlement Agreement, filed June 26, 1991, and this Opinion and Award shall be enforceable, if necessary, by a Court decree.
3. Reasonable attorney's fees in the amount of $2,000.00 are assessed against Plaintiff in the above-captioned matter. This sum shall be paid in addition to and not subtracted from the amount of $15,000.00 owed to Defendant K Mart Corporation.
4. Plaintiff shall pay the costs.
This is the _______ day of January 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ COY M. VANCE COMMISSIONER
S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS:jmf