The parties' Industrial Commission Form 21, Agreement as to Payment of Compensation, having been approved by the Industrial Commission, constitutes an Award and is hereby incorporated by reference.
******************
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Alston, the material submitted to the Full Commission, and the oral argument before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
******************
Following the hearing before the Deputy Commissioner, plaintiff moved that attorney fees be assessed against defendant pursuant to N.C.G.S. 97-88.1. Plaintiff appeals from the Deputy Commissioner's denial of this motion.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 18 May 1990, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant.
2. Defendant admitted liability for plaintiff's back injury and continued to pay plaintiff temporary total disability compensation since 18 June 1990.
3. A set of plaintiff's medical records, marked as Stipulated Exhibit Number One, is admitted into evidence.
******************
Based upon all of the competent evidence of record, the undersigned makes the following additional
FINDINGS OF FACT
1. As a result of her injury on 18 May 1990, plaintiff has undergone two surgeries involving her spine. The first surgery, which was performed on 31 January 1991, was a bilateral decompression at L4-L5 and fusion utilizing hardware and a right iliac crest bone graft. The second surgery, which was performed in June 1992, was for removal of the hardware which was put in place during the first surgery.
2. As a result of her injury on 18 May 1990 or her subsequent surgeries, plaintiff experienced weakness and muscle atrophy in her left leg. In September 1992, plaintiff fell as a result of her leg weakness. When she fell plaintiff sustained a grade one strain of her left, medial collateral ligament.
3. A grade one strain of the medial collateral ligament is the least severe of the injuries common to that ligament. Grade one strains usually resolve uneventfully and do not cause any permanent impairment.
4. Upon presentation to Dr. Perry, plaintiff's symptoms were out of proportion to Dr. Perry's findings on an MRI and his physical examination. A diagnostic arthroscopy was the only other procedure that could conceivably assist Dr. Perry in determining whether plaintiff sustained some injury other than a medial collateral ligament strain. It is very unusual for a diagnostic arthroscopy to reveal some condition that is not revealed by an MRI. There was a fifty percent probability that a diagnostic arthroscopy might reveal some condition not revealed by the MRI.
5. A diagnostic arthroscopy was not reasonably necessary to effect a cure, give relief or to lessen plaintiff's period of disability.
6. Pool therapy was reasonably necessary to effect a cure, give relief or to lessen plaintiff's period of disability as a result of her back injury.
7. Defendant notified plaintiff on October 10, 1995 that the carrier was willing to pay for the pool exercise program as prescribed by Dr. Chapman.
8. Defendant did not defend this matter without reasonable ground as there existed issues of material fact with regard to the compensability of plaintiff's knee condition.
******************
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to payment of medical expenses incurred as a result of a diagnostic arthroscopy on her left knee. N.C.G.S. 97-2(19); N.C.G.S. 97-25.
2. Plaintiff is entitled to have defendant provide her with pool therapy for so long as that treatment tends to effect a cure, give relief or to lessen her period of disability. N.C.G.S.97-2(19); N.C.G.S. 97-25.
3. Plaintiff is not entitled to an award of attorney fees in that defendant's actions were not based upon stubborn, unfounded litigiousness. N.C.G.S. 97-88.1; Sparks v. MountainBreeze Restaurant and Fish House, Inc., 55 N.C. App. 663,286 S.E.2d 575 (1982).
******************
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
ORDER
1. Defendant shall provide plaintiff with pool therapy for so long as that treatment tends to effect a cure, give relief or to lessen her period of disability.
2. Plaintiff's motion for award of attorney fees pursuant to N.C.G.S. 97-88.1 is DENIED.
3. Each side shall pay its own costs of this appeal.
This is the _____ day of August, 1997.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER