The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. By Order filed July 9, 1997, the Commission directed the parties to take further depositions of Drs. Freeman Broadwell, David Woodward, and Duff Rardin, for any reconsideration of their expert medical testimony previously given in this case in light of the medical records disclosed by plaintiff after the initial hearing before the Deputy Commissioner.
Upon receipt of these additional depositions and medical records, which are hereby admitted into evidence and made a part of the record in this case, and upon reconsideration of all the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. The Full Commission reverses the Deputy Commissioner as to the award of attorney's fees pursuant to N.C.G.S. 97-88.1.
* * * * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All the parties are properly before the Industrial Commission, the Industrial Commission has jurisdiction over the parties and this claim, and this claim is subject to the Workers' Compensation Act.
2. An employer-employee relationship existed between the defendant-employer and the plaintiff-employee at the time of the alleged injury.
3. The defendant was insured by St. Paul Fire and Marine Insurance Company at the relevant times herein.
4. The employee's average weekly wage is $800.49, which yields the maximum compensation rate of $442.00 per week.
* * * * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of hearing, plaintiff was forty-seven years old and had obtained his GED.
2. Plaintiff worked as a welder/pipe fitter for the defendant. Plaintiff also read blueprints for the defendant.
3. On June 8, 1993, plaintiff was fitting a 24 inch line when the scaffold upon which he was standing broke, causing him to fall approximately 8 feet before his safety harness caught him. While he was falling, plaintiff struck a number of objects with his body, arms, legs and head.
4. Prior to June 8, 1993, plaintiff had several medical conditions, including migraine headaches, psychological problems, dizzy spells, and neck problems.
5. As a direct result of his fall, plaintiff was found to be suffering from a number of injuries including a first to second degree concussion; abrasions to forehead and left leg; soft tissue injury to his arms, neck, legs and pelvis; blunt trauma to his abdomen; nausea; pain radiating into his arms, legs, back, neck, head, testicles, penis, and pelvis area.
6. Plaintiff was placed on light duty and received his regular paycheck through July 12, 1993.
7. On July 12, 1993, plaintiff sought treatment from Dr. Duff A. Rardin, a neurologist, who found that plaintiff was unable to perform any work at that time. Dr. Rardin felt that plaintiff needed to be enrolled in a comprehensive pain management program. Plaintiff was suffering from a severe myofascial pain disorder with significant anxiety component and post traumatic stress disorder which are causally related to his fall at work.
8. Plaintiff was in need of medical and psychological treatment as a direct result of his compensable injuries and it was not unreasonable for the defendant to require plaintiff to travel from Asheville to Charlotte to receive this treatment. The Charlotte Rehab Center has a multidisciplinary program not available in Asheville, with greater patient access to staff psychologists and psychiatrists. The undersigned find that plaintiff's refusal to participate in the program at the Rehab Center was unjustified.
9. Plaintiff has not been released to return to work, although his treating physicians have indicated that there may be some jobs that plaintiff can perform once he is released to return to work.
10. Dr. David Michael Woodward, a neurologist who treated plaintiff, diagnosed plaintiff with L5-S1 disc degeneration and C4-5 and C5-6 disc herniations. Dr. Woodward rated plaintiff's back as 10% permanently partially disabled, gave plaintiff a 10 pound lifting restriction, and found plaintiff unable to work as of January 16, 1997.
11. There is insufficient medical evidence of record from which to prove by the greater weight that plaintiff's L5-S1 disc degeneration and C4-5 and C5-6 disc herniations are causally related to the June 8, 1993 injury by accident.
12. Dr. Freeman Broadwell at Thoms Rehabilitation saw plaintiff only once and therefore the Commission gives less weight to his opinion than to those of Drs. Rardin and Woodward.
13. As a result of the compensable injury by accident, plaintiff is disabled and unable to earn the same wages he earned before the injury either in the same employment or in any other employment.
14. Defendant had reasonable grounds upon which to defend this claim.
* * * * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On June 3, 1993, plaintiff sustained an admittedly compensable injury by accident arising out of and within the course and scope of his work with the defendant. N.C.G.S.97-2(6).
2. As a result of the June 3, 1993 compensable injury by accident, plaintiff is entitled to temporary total disability compensation at the rate of $442.00 per week from July 12, 1993 and continuing until further Order of the Commission. N.C.G.S.97-29.
3. Plaintiff is entitled to the payment by defendant of all medical expenses incurred, or to be incurred, as a result of his compensable injury. N.C.G.S. 97-25.
4. Plaintiff's refusal to cooperate with Defendants' medical and rehabilitative efforts was unjustified. N.C.G.S.97-25.
5. Plaintiff is not entitled to an award of attorney fees in that defendant's actions were not based upon stubborn, unfounded litigiousness. N.C.G.S. 97-88.1; Sparks v. MountainBreeze Restaurant and Fish House, Inc., 55 N.C. App. 663,286 S.E.2d 575 (1982).
* * * * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms in part and reverses in part the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to counsel fees hereinafter approved, defendants shall pay to plaintiff compensation benefits at the rate of $442.00 per week from July 12, 1993 through the date of this hearing and continuing until further Order of the Industrial Commission, subject to plaintiff's compliance with the order below. As much of said amount as has accrued shall be paid in a lump sum.
2. A reasonable attorney's fee in the amount of 25 percent of the compensation awarded plaintiff is approved for plaintiff's counsel and shall be paid by deducting one-fourth of the accrued amount and the payment directly to plaintiff's counsel of every fourth temporary total disability compensation check.
3. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the injuries he sustained.
* * * * * * * * * * * * * * * * * * * *
ORDER
1. Plaintiff is HEREBY ORDERED to accept and cooperate with the medical treatment and rehabilitation efforts offered by defendants. His failure to comply with this Order shall operate as a bar for further compensation until such refusal ceases, pursuant to N.C.G.S. 97-25.
2. Defendants shall pay the costs of this appeal.
This is the ____ day of September, 1997.
 S/ ____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
S/ ____________ MARY MOORE HOAG DEPUTY COMMISSIONER