Sparks v. Mountain Breeze Restaurant

KENNETH RAY SPARKS, Employee, Plaintiff v. MOUNTAIN BREEZE
RESTAURANT AND FISH HOUSE, INC. AND/OR ANCLE GREENE, JEANE
GREENE, CAROLYN GREENE McKINNEY AND CLAUDE WAYNE
McKINNEY D/B/A ANCLE GREENE RESTAURANT, Non-Insured, Defend-
ANTS

No. 8110IC483

(Filed 2 February 1982)

Master and Servant § 99 — workers' compensation — attorney fees — defense of
claim without reasonable grounds — erroneous award

> The evidence provided ample basis for defending a workers' compensation
> claim on the ground of the credibility of plaintiff's assertions and did not sup-
> port an award of attorney fees to plaintiff pursuant to G.S. 97-88.1 based on a
> finding that the claim was defended without reasonable grounds where plain-
> tiff testified that, while carrying a bucket of grease down the steps in defend-
> ant's restaurant, his foot hit some grease on the steps and his body jerked, he
> felt a pain like a bee sting in the lower part of his back for just a minute, his
> pain was more severe on the following day, he consulted a physician two days
> later, and the physician's diagnosis was that plaintiff had suffered severe
> muscle strain; there were no eye witnesses to the alleged accident; plaintiff
> continued to work for the remainder of that day without telling his employers
> or fellow employees of his injury; plaintiff rode home with one of the
> employers that evening and did not mention any pain or soreness in his back
> at that time; plaintiff talked by telephone with one employer two evenings
> later but did not mention the accident; and none of the employers were given
> any notification regarding the alleged accident until receipt of a letter from
> the Industrial Commission some 19 days after the accident allegedly occurred.

APPEAL by defendants from opinion and award of the North
Carolina Industrial Commission, by Ben A. Rich, Deputy Commis-
sioner (Commissioner Robert S. Brown concurring, Commissioner
William H. Stephenson dissenting), filed 19 November 1980.
Heard in the Court of Appeals 7 January 1982.

*G. D. Bailey for plaintiff-appellee.*

*Gum & Hillier, P.A., by David R. Hillier, for defendant-
appellants.*

WHICHARD, Judge.

Plaintiff (claimant) was a cook in defendants' restaurant. His
duties included carrying buckets of grease down steps. On 11
August 1979, while so engaged, plaintiff's foot "hit some grease
on the steps and . . . jerked." He did not fall, but "[i]t . . . gave
[him] a quick jerk." At the time he "felt a pain like a bee sting in
the lower part of [his] back for just a minute." He proceeded,

though, to empty the bucket and to work the remainder of the day.

On 12 August 1980 plaintiff's pain was more severe. He consulted a physician on 13 August 1980. The physician's diagnosis was that plaintiff had suffered severe muscle strain, probably permanent in nature.

The Industrial Commission concluded that plaintiff sustained an "injury by accident arising out of and in the course of [his] employment," G.S. 97-2(6) (Supp. 1981), and awarded compensation. Defendants do not except to that award. They except, rather, to an award of $2,500 to plaintiff's attorney, pursuant to G.S. 97-88.1, based on a finding that they defended the claim without reasonable grounds. We hold that the evidence does not support the finding, and we accordingly vacate the portions of the opinion and award relating to payment of a fee to plaintiff's attorney.

G.S. 97-88.1 provides: "If the Industrial Commission shall determine that any hearing has been . . . defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for . . . plaintiff's attorney upon the party who has . . . defended them." While the statute is of recent origin,[1] and there are no cases interpreting or applying it, its evident purpose is to deter stubborn, unfounded litigiousness, which is inharmonious with "[t]he primary consideration [of the Workers' Compensation Act, *viz.,*] . . . compensation for injured employees." *Barbour v. State Hospital,* 213 N.C. 515, 518, 196 S.E. 812, 814 (1938).

We do not, however, attribute to the General Assembly an intent to deter an employer with legitimate doubt regarding the employee's credibility, based on substantial evidence of conduct by the employee inconsistent with his alleged claim, from compelling the employee to sustain his burden of proof. Such deterrence would, in our view, emanate from application of the statute to the evidence here.

The pertinent facts relating to the credibility issue were these: There were no eyewitnesses to the alleged accident. Plain-

1. 1979 Sess. Laws, ch. 268.

tiff did not advise defendants thereof on the date of the occurrence. He continued to work for the remainder of that day without telling his employers or fellow employees of his injury. He rode home with one of the employers that evening, and the employer could not recall his mentioning any pain or soreness in his back at that time. Two evenings later plaintiff called this employer, indicated that he was at the Dollar Store where "they had Bic pens on sale," and inquired whether the employer wanted him to purchase some for the restaurant. He also told the employer to have him picked up the next morning. None of the employers could recall any notification regarding the alleged accident until receipt of a letter from the Industrial Commission about 30 August 1980, some nineteen days later.

These facts provided ample basis for defending the claim on the ground of the credibility of plaintiff's assertions. The defense was not rendered unreasonable or unfounded by the Commission's declination to accept it. The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness.

The evidence supported an award of compensation. There was, however, substantial evidence of conduct by plaintiff inconsistent with his alleged claim. Given this evidence, an award of compensation was not compelled; and defendants' concerns regarding plaintiff's credibility were not without reason. Under these circumstances we hold the evidence insufficient to support a finding that the claim was defended without reasonable grounds.

The opinion and award is vacated insofar as it relates to payment of a fee to plaintiff's attorney, and is otherwise affirmed.

Vacated in part, and affirmed.

Judges CLARK and BECTON concur.