The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission, however, has re-written the prior Opinion and Award for clarity and has deleted the award of attorney fees to counsel for defendant.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in the Form 21 Agreement approved by the Commission on April 24, 1989, as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Employers Insurance of Wausau is the insurance carrier on the risk.
3. The issue before the Commission is whether the Form 21 Agreement should be set aside based upon mutual mistake.
* * * * * * * * * * *
The Full Commission finds as follows:
FINDINGS OF FACT
1. Plaintiff sustained an admittedly compensable injury by accident on February 2, 1989, when he injured his back.
2. The parties entered into a Form 21 Agreement for Compensation which was approved by the Industrial Commission on April 24, 1989. The agreement sets forth an average weekly wage of $500.00.
3. Pursuant to the Form 21 Agreement, plaintiff was paid temporary total disability compensation by defendant at the rate of $333.35 through the date of the hearing before the Deputy Commissioner and continuing thereafter.
4. The average weekly wage was calculated on the basis that plaintiff was paid seven percent of the gross amount of contracts on jobs for which he was the supervisor. He took his payment as weekly draws of $500.00.
5. Because the employer is no longer doing business and the payroll records have been destroyed, plaintiff's average weekly wage cannot be calculated by using his actual earnings for the 52 weeks prior to the compensable injury by accident.
6. During calendar year 1988 plaintiff did not work for the employer from April 4, 1988 through August 20, 1988, and from Thanksgiving through January 2, 1989, but he continued to receive commissions during those periods.
7. When plaintiff worked out of town for employer, he was given an allowance which averaged $25.00 per week for his personal meals and those of other employees. This amount was not reported on plaintiff's W-2 income tax form. The amount represented reimbursement of travel expenses and was not in lieu of any other wages.
8. The average weekly wage of $500.00 equates to an annual salary of $26,000. While plaintiff was employed, he was never paid as much as $26,000 per year. In 1987 plaintiff earned $24,963 and in 1988, $20,000.
9. The average weekly wage agreed upon by the parties at the time of execution of the Form 21 Agreement most nearly approximates the amount plaintiff would have earned were it not for the injury. Therefore, the Form 21 Agreement was not executed as a result of error due to fraud, misrepresentation, undue influence or mutual mistake.
10. Defendant is not entitled to an award of attorney's fees in that plaintiff's actions were not based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. 97-88.1; Sparks v.Mountain Breeze Restaurant Fish House, Inc., 55 N.C. App. 663,286 S.E.2d 575 (1982).
* * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Where an employee has received benefits from an agreement for compensation executed by himself, his employer, and the insurance carrier, which agreement was duly approved by the Industrial Commission, such agreement may be set aside only if there was an error due to fraud, misrepresentation, undue influence or mutual mistake. N.C. Gen. Stat. 97-17; Pruittv. Publishing Co., 289 N.C. 254, 221 S.E.2d 355 (1976).
2. The Form 21 Agreement approved in this case was not entered into as a result of error due to fraud, misrepresentation, undue influence or mutual mistake. Plaintiff is therefore not entitled to have the agreement as to average weekly wage set aside. N.C. Gen. Stat. 97-17.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Plaintiff's motion to set aside the Form 21 Agreement approved in this case is DENIED.
2. Each side shall bear its own costs.
This the ___ day of March, 1997.
 S/ ____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
LKM:bjp