The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Haigh and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, with the exception of some modifications regarding attorney's fees.
* * * * * * * * * * *
This matter was not the subject of a hearing before the Deputy Commissioner. The Deputy Commissioner's decision was based upon the record stipulated to by the parties and the deposition testimony of Dr. Judson Hendley. The issue presented in this case concerns the application of N.C.G.S. 97-25.1, enacted by the 1994 Session of the General Assembly, which limits the duration of medical compensation.
The Form 21 and Form 26 Agreements, having been approved by the Commission, constitute Awards and are incorporated herein as part of the evidence of record.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner with minor modifications as follows:
FINDINGS OF FACT
1. Plaintiff sustained the admittedly compensable injury by accident giving rise hereto on August 26, 1994 which resulted in injury to his right knee. He was thereafter paid compensation benefits for temporary total disability until he returned to work on May 8, 1995 earning the same weekly wage as at the time of the accident. In addition, he has been paid compensation benefits for the 25% permanent partial impairment of his right knee.
2. By letter dated October 30, 1995, Dr. Handley, then the treating physician, advised plaintiff's counsel that "it is more likely than not that he (plaintiff) will require knee replacement surgery in the future."
3. In his office note of November 2, 1995, Dr. Handley stated that "he (plaintiff) asked about the possibility of total knee replacement in the future and this is a distinct possibility" (Emphasis added by the undersigned).
4. On January 21, 1996 Dr. Handley certified on Commission Form 18M that "[i]n my opinion there is a substantial risk that the employee will need . . . total knee replacement" due to the injury of August 26, 1994. Plaintiff filed that Form 18M, claim for future medical compensation, with total knee replacement, with the Commission on February 9, 1996.
5. By letter of March 21, 1996 to the Commission with a copy to plaintiff's counsel, Ms. Kate Chapman, defendant carrier's claim representative, acknowledged receipt of the Form 18M and advised that defendants could not agree to cover a possible future total knee replacement. (Emphasis added by the undersigned).
6. On April 1, 1996 plaintiff filed with the Commission a Form 33 request for hearing on the issues of future medical expenses and award of attorney fees against defendants.
7. On April 15, 1996 defendants filed with the Commission a Form 33R wherein they denied liability because it was uncertain there was a "substantial risk" that plaintiff would need total knee replacement in the future due to the August 26, 1994 injury by accident.
8. The parties thereafter took the deposition testimony of Dr. Handley on July 18, 1996 wherein he unequivocally expressed his expert opinion that there was an 80% likelihood that plaintiff would require a total knee replacement over the next 20-25 years.
9. In their October 22, 1996 statement of contentions submitted to the Deputy Commissioner, defendants agreed that, on the basis of Dr. Handley's deposition testimony, the risk of future surgery for plaintiff is "more than a mere possibility and may even rise to a substantial risk" and that defendants accordingly were conceding plaintiff's entitlement to future medical compensation. Defendants enclosed therewith a draft Order allowing said medical compensation.
10. There is a substantial risk that plaintiff will require total knee replacement in the future as a result of the August 26, 1994 injury by accident.
11. In view of the absence of any legislative guidance in N.C.G.S. 97-25.1 or caselaw concerning the definition of a "substantial risk" and in view of the conflicting and inconsistent opinions of Dr. Handley prior to his deposition concerning whether the need for total knee replacement in the future was a "distinct possibility" or was a "substantial risk," this case was defended upon reasonable grounds.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. There is a substantial risk that plaintiff will require future medical compensation including total knee replacement as a result of the August 26, 1994 injury by accident and, accordingly, defendants are liable for payment of future necessary medical compensation. N.C.G.S. 97-25.1.
2. Plaintiff's claim for assessment of attorney fees against defendants pursuant to N.C.G.S. 97-88.1 is denied inasmuch as this case was defended on reasonable grounds. Defendants' actions were not based upon stubborn, unfounded litigiousness. Sparks v. Mountain Breeze Restaurant FishHouse, Inc., 55 N.C. App. 663, 286 S.E.2d 575 (1982).
3. Plaintiff is entitled to an attorney fee assessed against defendants in the amount of $1,000.00 pursuant to N.C.G.S.97-88.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Defendants shall pay necessary future medical compensation to plaintiff including total knee replacement surgery as a result of the injury by accident of August 26, 1994 and defendants are hereby ORDERED to provide such treatment in the future should it become necessary. This medical compensation is not subject to the two-year limitation provided in N.C.G.S.97-25.1.
2. Plaintiff's claim for assessment of attorney fees pursuant to N.C.G.S. 97-88.1 against defendants is hereby DENIED.
3. Defendants shall pay a reasonable attorney's fee in the amount of $1,000.00 to plaintiff's attorney as part of the costs of this action.
4. Defendant shall pay the costs of this appeal.
This is the ____ day of September, 1997.
 S/ ____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
S/ ____________ W. BAIN JONES, JR. DEPUTY COMMISSIONER