The undersigned have reviewed the prior Order based upon the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the 7 August 1998 Order of Commissioner Bolch, and enters the following Opinion and Award.
***********
Based upon the record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Cary Manor Nursing Home (hereinafter "Cary Manor") was a provider of unpaid medical services to plaintiff, a quadriplegic. After plaintiff successfully prevailed on the issue of compensability, Cary Manor was permitted to intervene in this matter as a party of interest when defendants refused to pay it approximately $50,000.00 in charges owed for services provided to plaintiff not covered by Medicaid.
2. Cary Manor intervened at the Full Commission level prior to defendants' appeal to the North Carolina Court of Appeals.
3. Both Cary Manor and plaintiff moved for an order of the Full Commission directing defendants to pay to the medical providers in this case the difference between the fees allowed under the Medical Fee Schedule of the North Carolina Industrial Commission and the fees charged by the providers to Medicaid. By order for the Full Commission by Commissioner Thomas J. Bolch, filed 19 December 1995, the motions of Cary Manor and plaintiff were allowed. Defendants appealed the Full Commission's 19 December 1995 Order to the Court of Appeals.
4. On 15 July 1997, the Court of Appeals filed a decision reversing the Full Commission. Upon petition for review by both plaintiff and Cary Manor, the Supreme Court reversed the Court of Appeals in a unanimous decision filed on 8 May 1998, and reinstated the Full Commission's 19 December 1995 Order.
5. Upon remand to the Industrial Commission, plaintiff and Cary Manor separately petitioned for attorney's fees taxed to defendants pursuant to N.C. Gen. Stat. § 97-88 for the time spent in defending defendants' appeals to the Court of Appeals, and in prosecuting plaintiff's and the intervenor's appeal of the Court of Appeals decision to the Supreme Court. As a matter of Industrial Commission practice, cases which are remanded to the Commission by the appellate courts are returned to the chair of the Commission panel which originally rendered the Opinion and Award. On 7 August 1998, Commissioner Bolch, chair of the original Full Commission panel, filed an Order granting fees to counsel for Cary Manor in the amount of $10,000.00 for 89.25 hours of work performed by Lore McClearen for the defense of defendants' appeal to the Court of Appeals and the prosecution of its subsequent appeal to the Supreme Court. The motion filed by plaintiff appears to be still pending before Commissioner Bolch.
6. The 7 August 1998 Order of Commissioner Thomas J. Bolch was made in a summary manner, without detailed findings of fact.
7. Upon receipt of the 7 August 1998 Order, defendants timely petitioned for Full Commission review pursuant to Rule 703 of the Workers' Compensation Rules. Cary Manor moved for a dismissal of defendants' application for review for failure to timely appeal to the proper tribunal, contending that under N.C. Gen. Stat. § 97-86, the proper forum for defendants' appeal was the North Carolina Court of Appeals. In addition, Cary Manor moved for additional attorney's fees pursuant to N.C. Gen. Stat. §97-88.1 for the costs of defending defendants' current application for review.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Rule 703 of the Workers' Compensation Rules provides in pertinent part that "Orders, Decisions, and Awards made in a summary manner, without detailed findings of fact, . . . may be appealed by requesting a hearing within fifteen (15) days of receipt of the Decision. . . ." The 7 August 1998 Order of Commissioner Thomas J. Bolch is an Order "made in a summary manner, without detailed findings of fact," and defendants' appeal of said order was made in a timely manner. Accordingly, defendants' appeal is properly before the Industrial Commission and the intervenor's motion to dismiss must be denied.
2. N.C. Gen. Stat. § 97-88 endows the Industrial Commission with the authority to order an insurer to pay an injured employee reasonable attorney's fees. It does not empower the Commission to award attorney's fees to a medical provider or to an intervenor in any manner or for any reason. Further, the statute expressly limits its purpose to reimbursing "the cost [of appellate review] to the injured employee." As there is no evidence that the award of attorney's fees to the intervenor in this case was made to satisfy "costs to the injured employee," the award contained in the 7 August 1998 Order by Commissioner Bolch is not proper under the Act.
3. In order for a party to prevail upon a motion for attorney's fees brought pursuant to N.C. Gen. Stat. § 97-88.1, it must be shown that defendants' application for review of the 7 August 1998 Order of Commissioner Thomas J. Bolch was brought "without reasonable ground." The test for an award of attorney's fees is not the simple matter of prevailing, but whether the action was "based in reason rather than in stubborn, unfounded litigiousness." Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 665, 286 S.E.2d 575, 576 (1982). Given the absence of statutory authority under N.C. Gen. Stat. § 97-88 for awarding fees to any party other than the "injured employee," defendants' application for review was reasonable; therefore, there is no basis upon which to award the intervenor with attorney's fees for the defense of the resulting review.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the 7 August 1998 Order of Commissioner Thomas J. Bolch and enters the following:
 AWARD
1. The intervenor's motion to dismiss defendants' application for review of the 7 August 1998 Order is denied.
2. The intervenor's motion to recover attorney's fees from defendants pursuant to N.C. Gen. Stat. § 97-88.1 is denied.
3. The award of attorney's fees to the intervenor in the amount of $10,000.00 is reversed.
4. The parties shall divide the costs of this action.
This the ___ day of March 1999.
 S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
DCS/jbd