* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and oral argument before the Full Commission. The appealing party has shown good grounds to reconsider the evidence and, upon reconsideration, the Full Commission affirms in part and reverses in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. Plaintiff was injured in an admittedly compensable accident at work on August 21, 2002.
2. At all times since August 21, 2002, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. At the time of the injury, an employee-employer relationship existed between plaintiff and defendant-employer.
4. Liberty Mutual is the carrier on the risk.
5. Plaintiff's average weekly wage is $250.00, which yields a compensation rate of $166.68.
6. Plaintiff is no longer employed by defendant-employer and has been out of work continuously since April 2, 2003.
7. The parties stipulated into evidence as Stipulated Exhibit # 1, the pre-trial agreement.
8. The parties stipulated into evidence as Stipulated Exhibit # 2, plaintiff's medical records and Industrial Commission forms.
9. No testimony was taken at the hearing before the Deputy Commissioner. The parties stipulated that the issues in controversy could be resolved from the medical records and by the taking of depositions. The depositions of Dr. George C. Green and Dr. Duncan R.C. Scott are a part of the evidence of record.
10. In the pre-trial agreement before the Deputy Commissioner, issues were presented concerning plaintiff's entitlement to temporary total disability compensation and medical treatment and whether plaintiff continued to be disabled. The only issues on appeal to the Full Commission concern *Page 3 
the Deputy Commissioner's imposition of a 10% late fee penalty and award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 21, 2002, plaintiff sustained an injury to her right shoulder and neck when she lifted a heavy bucket full of water after cleaning up a water spill at work. Defendants initially denied the compensability of this injury by filing a Form 61 with the Commission on September 30, 2002.
2. The parties participated in a mediation on April 2, 2003, at which time defendants agreed to accept liability for plaintiff's claim by means of a letter rather than a Form 60 because plaintiff had missed no time from work. Defendants also agreed to pay for all unpaid medical expenses and to provide medical treatment by Dr. Stewart Harley at Blue Ridge Bone and Joint in Asheville.
3. Following the mediation, defendants filed a Form 60 with the Industrial Commission on April 9, 2003, accepting plaintiff's claim. Although defendants in their brief argue that the Form 60 was filed by mistake, there is no evidence of record to support this argument.
4. Plaintiff had an MRI of her right shoulder, which showed tendinosis and a partial rotator cuff tear. An MRI of plaintiff's neck was normal. Dr. Harley treated plaintiff with a shoulder injection on June 16, 2003. The following day, plaintiff had severe pain and went to the McDowell Hospital Emergency Room and was subsequently hospitalized for a possible septic joint. She was seen the next day by Dr. William C. Moomaw, who discussed her case with Dr. Harley, determined that she was improving, and sent her home. The need for her treatment at the McDowell Hospital was directly *Page 4 
related to plaintiff's compensable shoulder injury. According to motions filed with the Commission, defendants refused to pay for the McDowell Hospital treatment.
5. Following her treatment by Dr. Harley, plaintiff requested a change of treating physician to Dr. George Green, an orthopedic specialist in her hometown of Marion, North Carolina. By Order filed April 2, 2004, the Commission designated Dr. Green as plaintiff's authorized treating physician and ordered defendants to authorize and pay for the treatment Dr. Green recommended.
6. Dr. Green diagnosed impingement syndrome right shoulder, a partial tear of the undersurface distal supraspinatus tendon, and chronic muscle strain of the cervical spine muscles and the right trapezius muscle. He recommended physical therapy and anti-inflammatory medications. On June 30, 2004, Dr. Green took plaintiff out of work for one month. The last time Dr. Green treated plaintiff on August 3, 2004, he recommended referral to a pain management clinic.
7. When plaintiff's condition did not improve, Dr. Green referred her to Dr. Duncan Scott for pain management. Defendants authorized treatment by Dr. Scott, but refused to authorize the Comprehensive Rehabilitation Program Dr. Scott wanted plaintiff to attend. Dr. Scott also recommended that plaintiff have a surgical opinion by orthopedic surgeon Dr. Cammarata regarding her shoulder, but it appears from filed documents that defendants refused to authorize this evaluation.
8. Both Dr. Green and Dr. Scott stated and the Commission finds that plaintiff has been unable to work since June 30, 2004 due to her right shoulder injury.
9. There is insufficient medical evidence in the record from which to prove by the greater weight that plaintiff's low back condition is causally related to the compensable injury by accident.
10. Pursuant to the Form 60, defendants should have begun paying plaintiff indemnity benefits on June 30, 2004 when plaintiff was taken out of work by Dr. Green due to her compensable *Page 5 
injuries. Defendants refused to pay plaintiff indemnity benefits. Therefore, on July 20, 2004, plaintiff filed a Form 33 Request for Hearing. On July 27, 2004, defendants filed a Form 33R asserting that plaintiff's current condition was not work related, but admitting the compensability of plaintiff's right shoulder and neck condition.
11. Plaintiff has shown by the greater weight of the evidence that on June 30, 2004 she became disabled from any employment and remains disabled, as a result of her compensable August 21, 2002 injury by accident.
12. Defendants failed to make compensation payments to plaintiff when due and therefore are subject to the imposition of a 10% late penalty pursuant to N.C. Gen. Stat. § 97-18 (g).
13. No lay testimony was presented at the Deputy Commissioner's hearing. Therefore, the Commission does not have sufficient information in the evidence of record on which to base a decision concerning the imposition of an award of attorney's fees to plaintiff pursuant to N.C. Gen. Stat. § 97-88.1 and in its discretion declines to award such fees.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury on August 21, 2002, which resulted in injuries to her right shoulder and neck. N.C. Gen. Stat. § 97-2(6).
2. As the result of the August 21, 2002 compensable injury by accident, plaintiff was disabled and has been unable to earn wages in any employment from June 30, 2004, and continuing. Plaintiff and is entitled to payment by defendants of temporary total disability compensation at the rate of *Page 6 
$166.68 per week from June 30, 2004 and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Defendants failed to make compensation payments to plaintiff when due within the time required and, as a result, the mandatory imposition of the 10% penalty is required. N.C. Gen. Stat. § 97-18(g).
4. Plaintiff is entitled to payment by defendants of all medical treatment incurred or to be incurred as a result of the compensable injury by accident. The approved medical expenses include medical treatment rendered by McDowell Hospital on June 17 and 18, 2003. N.C. Gen. Stat. § § 97-25, 97-25.1.
5. Defendants' defense of this claim was not based upon stubborn, unfounded litigiousness and therefore plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v.Mountain Breeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee awarded below, defendants shall pay temporary total disability compensation to plaintiff at a rate of $166.68 per week from June 30, 2004 until the present and continuing until further Order of the Commission. Any accrued amount shall be paid in a lump sum.
2. The compensation presently owed and due to plaintiff under Paragraph 1 of this Award shall be paid in a lump sum and is subject to a 10% penalty imposed pursuant to N.C. Gen. Stat. § 97-18(g), and is also subject to the attorney's fees approved below. *Page 7 
3. A reasonable attorney's fee of 25% of the compensation due plaintiff under Paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be paid as follows: 25% of the lump sum due plaintiff shall be paid directly to plaintiff's counsel; thereafter plaintiff's attorney shall receive every fourth check of all future compensation due under this Award.
4. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury for so long as it tends to effect a cure, give relief or lessen plaintiff's disability. The approved medical expenses shall include the medical treatment recommended and provided by Dr. Duncan Scott, including the Comprehensive Rehabilitation Program, an evaluation by Dr. Cammarata, and treatment at McDowell Hospital on June 17-18, 2003.
5. Defendants shall pay the costs.
This 26th day of January, 2007.
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________________ DIANNE C. SELLERS COMMISSIONER
 S/_______________________ PAMELA T. YOUNG COMMISSIONER *Page 1