***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Commission and the Commission has jurisdiction over the parties and the subject matter.
2. At all times relevant to this claim, an employer-employee relationship existed between Priscilla Carrington and Duke University.
3. The employer is self-insured.
4. The appropriate average weekly wage for plaintiff is $824.99, yielding a weekly compensation rate of $550.02.
5. Plaintiff alleges that she suffered an injury to her right ankle, knee, lower and upper back and neck, when she slipped and fell on a wet floor on January 17, 2006.
6. Defendant filed a Form 19 on April 19, 2006, plaintiff filed a Form 18 on April 26, 2006, and defendant prepared and sent plaintiff a Form 28B on or about October 4, 2006; however, defendant prepared a Form 60 dated September 27, 2007, and a Form 61 dated October 1, 2007. The Forms 60 and 61 were not filed with the Commission but were sent to plaintiff, through her counsel, by letter from defendant's counsel dated October 9, 2007.
7. Defendant has provided some medical treatment to plaintiff for her injuries, including evaluation and treatment for her back injury. That evaluation and treatment has been provided through the Emergency Room and the Employee Health Service at Duke University Medical Center and defendant alleges that the cost for the treatment was $956.00.
8. Defendant has paid no disability benefits to plaintiff.
9. On August 29, 2006, the doctors at Duke Employee Health Services discharged plaintiff, and defendant has refused to provide plaintiff with any further medical treatment for the problems that she experiences. *Page 3 
10. Although she has missed some time following the injury on January 17, 2006, plaintiff has continued to perform the duties of her job as a phlebotomist at the Duke Children's Health Center.
11. The following were submitted as exhibits at the Deputy Commissioner's hearing:
 a. Stipulated Exhibit Number 1, Pre-Trial Agreement
 b. Stipulated Exhibit Number 2, Industrial Commission forms and medical records
 c. Stipulated Exhibit Number 3, discovery responses, recorded statement.
12. The issues before the Full Commission are whether plaintiff sustained a compensable injury by accident or specific traumatic incident to her back on January 17, 2006; whether plaintiff is entitled to payment for medical treatment she has already received, as well as for future, on-going necessary medical treatment, arising from the injury to her back; whether Dr. Karyn Rahn should be designated as plaintiff's treating doctor for her injuries arising from the accident on January 17, 2006; to what amount of temporary total or partial disability benefits, if any, is plaintiff entitled to receive; and plaintiff entitled to receive reasonable attorney's fees as a result of defendant's unreasonable refusal to provide her with benefits.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 49 years old. She has been employed at Duke University Hospital for more than 15 years as a phlebotomist drawing blood from pediatric patients in the Children's Health Center. *Page 4 
2. Plaintiff normally worked weekday shifts from 9:30 a.m. to 6:00 p.m. and worked weekend shifts once a month.
3. On January 17, 2006, plaintiff fell when her feet slipped out from her as she walked on a recently mopped wet floor near the phlebotomy room. Plaintiff twisted, then landed on the floor and slid on her back and side. Immediately, she experienced quite a bit of pain, particularly in her right leg and knee.
4. Three coworkers came to her aid and assisted her with getting back on her feet. A few hours after the fall, plaintiff sought treatment at the Emergency Room at Duke Hospital due to her increasing pain in her right knee and leg. She was fitted with a knee immobilizer and prescribed pain medications. Additionally, the Emergency Room physicians wrote plaintiff out of work for four days.
5. On January 20, 2006, plaintiff sought treatment at Duke Employee Occupational Health Service. Treatment at this appointment focused on plaintiff's right knee and leg. On January 23, 2006, plaintiff reported increasing pain and discomfort in the lower back as well as numbness in her right great toe. Plaintiff returned for follow-up on January 26, 2006, and was released to return to work with restrictions of no prolonged bending or squatting and maximum lifting of 20 pounds. Defendant was unable to accommodate plaintiff's restrictions. As a result, plaintiff remained out of work due to her compensable injury from January 18, 2006 until she returned to work on January 31, 2006.
6. On February 26, 2006, plaintiff sought treatment at the Emergency Room for severe back pain radiating down into her right leg. Plaintiff was provided a prescription and taken out of work for four days, but she returned to light-duty work within one to two days. On *Page 5 
February 27, 2006, plaintiff followed up her Emergency Room visit with Duke Occupational Health Service and was prescribed an additional medication for her back pain.
7. On August 29, 2006, Duke Employee Occupational Health Service concluded that plaintiff had reached maximum medical improvement, "but will continue to have episodic discomfort and occasional paresthetic changes in the right lower extremity." It was recommended that plaintiff visit "her regular doctor for strategizing long term management of her progressive chronic disease."
8. On October 3, 2006, plaintiff returned to Duke Employee Occupational Health Service with complaints of sciatic type symptoms in her right lower back extending around the right buttock and down the right leg. Dr. Brian Caveney refilled plaintiff's ThermaCare patches, but did not recommend any additional medical treatment.
9. Dr. Evangeline Lausier has been plaintiff's primary care physician since August 1996. Over the course of her treatment and prior to the January 17, 2006, Dr. Lausier did not observe any chronic pain issues involving plaintiff's back or neck. On September 2, 2005, plaintiff reported bilateral leg numbness. After examinations and laboratory work-ups returned normal, Dr. Lausier determined that plaintiff's complaints were not a neuropathy-type problem.
10. On October 20, 2006, plaintiff saw Dr. Lausier with complaints of significant back pain, radiating into her extremities. Dr. Lausier referred plaintiff back to Duke Employee Occupational Health Service for further treatment of her back. On October 24, 2006, Dr. Caveney informed plaintiff that she needed to explain to Dr. Lausier "the nature of her claim or the worker's compensation system or that her case has essentially been closed with the expectation of ongoing pain." Dr. Caveney directed plaintiff to return to Dr. Lausier for further treatment. *Page 6 
11. After evaluating plaintiff and reviewing the diagnostic reports, Dr. Lausier referred plaintiff to Dr. Karyn Rahn at the Orthopaedic Department at Duke University Hospital. On a January 8, 2007 visit to Dr. Rahn, plaintiff reported a history of falling at work and experiencing back pain for approximately a year since the accident. Dr. Rahn prescribed a course of L4-5 facet injections, which provided substantial relief of plaintiff's low back pain.
12. Dr. Caveney testified that Duke Employee Occupational Health Service treated plaintiff for her back problems in her lower and upper back, as well as for the pain radiating down into her right leg. In his opinion, plaintiff's ongoing back pain originates from pre-existing degenerative changes in her spine. Dr. Caveney further testified that plaintiff's acute problems from the January 17, 2006 accident had resolved and "that she would have continued musculoskeletal discomfort that was probably a chronic degenerative nature." Dr. Caveney concluded that plaintiff had no specific need for future medical care related to the January 17, 2006 accident.
13. Dr. Rahn is a non-operative orthopedist at Duke University Medical Center jointly employed through neurosurgery and orthopedics. Dr. Rahn graduated with a medical degree from Duke University and completed a year and a half of general surgery at Duke University before switching and completing a fellowship in occupational medicine at Duke University. The Full Commission finds that Dr. Rahn is qualified as a medical expert to testify and render her opinion in this claim.
14. Dr. Rahn testified that plaintiff's January 17, 2006 accident "more likely than not" triggered her asymptomatic degenerative spine conditions. Dr. Rahn based her opinion on several factors, including her examinations, discussions with and treatment of plaintiff, and a review of plaintiff's medical records from Dr. Lausier. Dr. Rahn further discounted other *Page 7 
possible sources of plaintiff's back pain, including her weight, large breast size, and her age. Dr. Rahn did note these issues were ". . . hindrances on helping her make as good a recovery from her problem as she would have." The Full Commission assigns greater weight to the medical opinions of Dr. Rahn than to those of Dr. Caveney on the issue of causation.
15. Dr. Rahn stated, and the Full Commission finds as fact, that plaintiff's January 17, 2006 accident aggravated or accelerated plaintiff's pre-existing degenerative back condition. Plaintiff continues to need on-going medical treatment for her back including spinal injections as a result of her January 17, 2006 accident.
16. Plaintiff was out of work for the following days as corroborated by the attendance records introduced into the record as part of Stipulated Exhibit Number 3: January 18-30, 2006; February 2, 2006; February 27, 2006; April 6-7, 2006; 0.8 hours on April 15, 2006; 3.2 hours on May 29, 2006; 0.6 hours on June 10, 2006; 3.7 hours on August 11, 2006; January 13-16, 2007; January 26-27, 2007; February 5, 2007; February 23, 2007; 1.8 hours on February 26, 2007; 1.0 hours on February 28, 2007; 1.7 hours on March 5, 2007; 0.5 hours on March 7, 2007; 1.8 hours on March 14, 2007; 2.1 hours on March 15, 2007; 3.3 hours on March 15, 2007; and 3.7 hours on April 17, 2007. The time missed from work by plaintiff included time when she was unable to work due to significant back pain, time when she was attending medical appointments including aquatic and physical therapy, and undergoing spinal injections, but does not include dates for which plaintiff missed work but for which no medical notes took her out of work.
17. Plaintiff treated regularly with Duke Employee Occupational Health Service from January 20, 2006 through August 29, 2006. Her first appointment with Duke Employee Occupational Health Service dealt solely with her leg pain. Subsequent examinations also began evaluating and treating plaintiff for her pain and problems in her thoracic and lumbar back areas. *Page 8 
Plaintiff underwent physical therapy and diagnostic studies, including x-rays and an MRI scan. Defendant provided and supervised medical treatment for plaintiff's back until Dr. Caveney released plaintiff at maximum medical improvement on August 29, 2006.
18. On or about September 27, 2007, defendant completed but did not file a Form 60 accepting liability for plaintiff's right foot and right ankle injuries from the January 17, 2006 accident. On or about October 1, 2007, defendant completed but did not file a Form 61 denying plaintiff's claim for her back condition.
19. Defendant did not deny and defend this action without reasonable grounds.
20. This matter was appealed to the Full Commission by defendant from an Opinion and Award awarding benefits and results in the affirmation of that award.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 17, 2006, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer, which resulted in an injury to her right foot and ankle and a material aggravation of her pre-existing degenerative back condition. N.C. Gen. Stat. § 97-2(6).
3. As a result of her compensable injuries to the right foot, right ankle and back, plaintiff is entitled to payment by defendant of temporary total disability benefits at the rate of $550.02 per week during periods that she was unable to work. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to all medical expenses incurred or to be incurred as a result of her compensable injury, for so long as such examinations, evaluations and treatments may *Page 9 
reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
5. Defendant did not defend this action without reasonable grounds, and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 286 S.E.2d 575 (1982).
6. Plaintiff is entitled to an attorney's fee assessed against defendant pursuant to N.C. Gen. Stat. § 97-88.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendant shall pay plaintiff temporary total disability benefits at the compensation rate of $550.02 per week for the time that she missed work as found in Finding of Fact Number 16 in this Opinion and Award. Said amount has accrued and shall be paid in one lump sum.
2. Defendants shall pay all related medical expenses incurred or to be incurred by plaintiff as the result of her injury by accident, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability.
3. Dr. Karyn Rahn with Duke University Medical Center is hereby designated plaintiff's authorized treating physician.
4. Defendant shall pay 25% of the accrued amount due plaintiff in paragraph 1 of this Award directly to plaintiff's counsel as a reasonable attorney's fee. *Page 10 
5. Plaintiff's counsel shall submit an affidavit or itemized statement in support of an award of reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88 within 10 days of the filing of this Opinion and Award for the time expended preparing and litigating this appeal. Upon receipt of the affidavit, the Full Commission shall issue an order directing defendant to pay an additional attorney's fee directly to plaintiff's counsel.
6. Defendant shall pay the costs.
This 23rd day of December, 2008.
 S/_________________________
 LAURA KRANFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/_________________________ DANNY LEE McDONALD COMMISSIONER
 S/_________________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1