***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission AFFIRMS with some modifications, the Opinion and Award of Deputy Commissioner Hall.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties have been properly designated and there are no questions as to misjoinder or nonjoinder of parties.
3. Plaintiff alleges to have sustained a compensable injury by accident on June 15, 2004.
4. The parties are subject to the North Carolina Workers' Compensation Act.
5. An employee-employer relationship existed between plaintiff and defendant-employer on or around June 15, 2004.
6. National Benefits America was the carrier on the risk for defendant-employer on June 15, 2004. Synergy Coverage Solutions has taken over the handling of this claim.
7. The issues before the Deputy Commissioner were whether plaintiff is entitled to urological and psychological evaluations as prescribed by the authorized treating physician as a result of his compensable workers' compensation claim and whether plaintiff is entitled to additional modifications or accommodations with regard to his electric wheelchair.
8. Following the hearing before the Deputy Commissioner, the parties mutually resolved the issue of modifications or accommodations with regard to the electric wheelchair and therefore the Deputy Commissioner did not rule on that issue.
9. Subsequent to the filing of the Deputy Commissioner's Opinion and Award, defendants paid for the urological and psychological evaluations. The only issue before the Full Commission is whether defendants defended this claim without reasonable grounds.
 *********** *Page 3 
The following were entered into evidence at the hearing before the Deputy Commissioner as:
 STIPULATED EXHIBITS
1. Stipulated Exhibit 1 — I.C. forms and medical records.
2. Stipulated Exhibit 2 — Vocational report.
3. Defendants' Exhibit 1 — Employment application.
 *********** RULING ON EVIDENTIARY MATTERS
Because the issue of plaintiff's continuing disability was not an issue raised at the Deputy Commissioner's hearing, the issue is not properly before the Full Commission at this time. Therefore, defendants' motion to reopen the evidentiary record to introduce surveillance evidence of plaintiff is DENIED. Either party may file a Form 33 Request for Hearing if the parties are unable to resolve this issue.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 39 years old. Plaintiff was born in Mexico City and speaks very little English.
2. Plaintiff is married and lives with his wife and two children, ages 20 and 18, in a single-wide mobile home in Winston-Salem.
3. Plaintiff sustained a compensable injury by accident to his back on June 15, 2004 while in the course and scope of his employment. Plaintiff had spinal fusion surgery on April 13, 2005. *Page 4 
Dr. David Jones of Carolina Neurosurgery, plaintiff's authorized treating physician, performed the surgery.
4. Following back surgery, plaintiff continued to complain of back pain. Dr. Jones referred plaintiff for pain management care at Advanced Interventional Pain Management.
5. Dr. Thomas Stuart Meloy with Advanced Interventional Pain Management is plaintiff's current authorized treating physician and has treated plaintiff since August 2005.
6. Plaintiff has undergone many types of pain management therapy including injections, a spinal cord stimulator trial, and various medications with limited results.
7. Plaintiff began to experience erectile dysfunction and symptoms of depression after his surgery. Plaintiff reported these symptoms to some of his doctors. Plaintiff never had erectile dysfunction or depression before his surgery.
8. On August 8, 2005, Dr. Meloy noted anxiety due to pain and erectile dysfunction. On June 21, 2006, Dr. Meloy prescribed Viagra which was authorized by defendants. The medication did not correct plaintiff's erectile dysfunction. Dr. Meloy referred plaintiff for a urological evaluation and defendants denied authorization for the evaluation.
9. Plaintiff continues to experience erectile dysfunction as well as constipation and has not had a urological evaluation to date.
10. Dr. Meloy also prescribed Cymbalta for depression during plaintiff's June 21, 2006 visit. Defendants authorized and also denied authorization for this medication at various times during the claim. Plaintiff experienced some improvement in his symptoms while taking the medication.
11. Dr. Meloy referred plaintiff for a psychological evaluation to address his depression. Defendants denied authorization for this evaluation. *Page 5 
12. Plaintiff continues to experience symptoms of depression and has not had a psychological evaluation to date.
13. Following back surgery, plaintiff utilized a walker to ambulate. In December 2007, Dr. Meloy prescribed a wheelchair for plaintiff.
14. Dr. Meloy wrote a letter to plaintiff on February 20, 2008 regarding his prescription of an electric wheelchair. He noted that despite the use of a walker, plaintiff continued to have difficulty with falls and a significant inability to travel outside of his home and advised that the wheelchair would decrease his fall risk and allow him to participate in more activities.
15. On April 16, 2008, Dr. Meloy wrote a letter indicating, and the Full Commission finds as fact, that both the urological and psychological evaluations were necessary and a direct consequence of plaintiff's back injury.
16. Dr. Meloy testified on April 28, 2009, that his opinions regarding the urological and psychological evaluations continued to be the same as stated in his April 16, 2008 letter and that plaintiff should undergo urological and psychological evaluations.
17. After defendants denied authorization for an electric wheelchair and for the urological and psychological evaluations recommended by plaintiff's treating physician, plaintiff filed a motion with the Executive Secretary's Office. By order filed May 5, 2008, the Executive Secretary's Office ordered defendants to provide the electric wheelchair, but denied plaintiff's motion for the psychological and urological evaluations.
18. Defendants' refusal to provide the recommended psychological and urological evaluations was based on the Executive Secretary's order and therefore was reasonable. However, after the deposition of Dr. Meloy was taken on April 28, 2009, when he confirmed his *Page 6 
recommendation that plaintiff receive a psychological and urological exam, defendants' continued refusal to authorize said evaluations was not reasonable. Subsequent to the deposition on April 28, 2009, defendants defended this claim without reasonable grounds. Plaintiff's attorney submitted a total of 11.58 hours spent in preparing and litigating this case after April 28, 2009.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to have defendants provide such medical treatment as is reasonably required as a result of plaintiff's compensable injury by accident to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. §§ 97-25, 97-25.1, Little v. PennVentilator Co., 317 N.C. 206, 345 S.E.2d 204 (1986).
2. Plaintiff is entitled to have defendants provide the psychological and urological evaluations as recommended by Dr. Meloy, plaintiff's authorized treating physician. Plaintiff is entitled to have defendants provide and pay for any treatment that is found to be reasonably related to plaintiff's injury by accident. N.C. Gen. Stat. §§ 97-2(19);97-25; 25.1.
3. After April 28, 2009, defendants have defended this claim without reasonable grounds. N.C. Gen. Stat. § 97-88.1; Sparks v. MountainBreeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following: *Page 7 
 AWARD
1. Defendants shall continue to pay compensation to plaintiff for total disability until he returns to work or until further order of the Industrial Commission, subject to the attorney's fee approved below.
2. Defendants shall authorize and pay for plaintiff's urological and psychological evaluations and any recommended urological or psychological treatment as a result of the evaluations that is reasonably related to plaintiff's injury by accident.
3. A reasonable attorney's fee of 25% of the on-going compensation is approved for plaintiff's counsel and defendants shall pay plaintiff's counsel every fourth check.
4. Plaintiff is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Defendants shall pay plaintiff's counsel an attorney's fee of $1,737.00. This amount shall not be deducted from the amount owed plaintiff, but shall be paid in addition to any sums due and owing to plaintiff.
5. IT IS ORDERED that the issue of plaintiff's continuing disability is RESERVED. Either party may file a Form 33 Request for Hearing on this issue.
6. Defendants shall pay the costs due the Commission.
This the 22nd day of February 2010.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING: *Page 8 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1