***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and having reviewed the competent evidence of record, the Full Commission hereby REVERSES the Opinion and Award of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. Defendant-employer was insured for workers' compensation purposes by FARA at all relevant times herein.
4. The date of the alleged injury which is the subject of this claim is September 27, 2002.
5. Plaintiff's average weekly wage will be determined by a properly completed Form 22 to be produced by the employer.
6. The following exhibits were entered into the evidence of record at the hearing before the Deputy Commissioner:
(a) Stipulated Exhibit 1 payroll records
(b) Plaintiff's Exhibit 1 mediated settlement agreement
(c) Plaintiff's Exhibit 2 rehabilitation initial evaluation
(d) Plaintiff's Exhibit 3 activity report
(e) Plaintiff's Exhibit 4 emergency room medical bills
(f) Plaintiff's Exhibit 5 medical bills
(g) Plaintiff's Exhibit 6 attachment A of defendants' Form 33R
7. The issues to be determined by the Commission are whether plaintiff sustained an injury by accident while in the course and scope of the employment with defendants on September 27, 2002, and if so, what, if any, compensation is plaintiff entitled to receive under the North Carolina Workers' Compensation Act.
 ***********
Based upon the stipulations and the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was a passenger in a company vehicle that went off the shoulder of the road and rolled over on September 27, 2002. At the time of the motor vehicle accident, plaintiff was in the course and scope of his employment with defendants.
2. Plaintiff was taken from the scene of the accident by ambulance to Thomasville Medical Center Emergency Room. At the emergency room plaintiff complained of low back pain and right leg weakness. Defendants' owner, Ronnie Pegram, went to the emergency room and spoke to plaintiff about the accident. Mr. Pegram indicated that plaintiff's medical bills would be paid by defendants.
3. Despite Mr. Pegram's comments to plaintiff, Mr. Pegram did not report the accident to the carrier. Defendants did not pay for this medical treatment nor did they authorize any additional medical treatment.
4. Although plaintiff orally notified his employer of the accident, he did not file a Form 18 until February 12, 2003. When defendants failed to admit or deny the claim, plaintiff filed a Form 33 on April 10, 2003.
5. On May 30, 2003 the Executive Secretary of the North Carolina Industrial Commission granted defendants' motion for an additional thirty days within which to admit or deny the claim, pursuant to the N.C. Gen. Stat. § 97-18(d). At that time defendants had not filed a Form 63; therefore, the Executive Secretary improperly granted the additional thirty days. In that defendants had not filed the Form 63, they could not have been granted an additional thirty days to file the proper form indicating whether they accepted or denied plaintiff's claim.
6. On June 3, 2003 defendants denied plaintiff's claim by filing a Form 61. Specifically defendants denied that plaintiff sustained a compensable injury by accident and/or specific traumatic incident, that plaintiff sustained any disability as a result of the vehicle accident, alleged that plaintiff had returned to work without restrictions and that plaintiff had failed to give timely notice of the claim to defendants.
7. After one week out of work during which plaintiff took vacation leave, plaintiff returned to work with light duty restrictions. Defendants did not have any light duty work available, so plaintiff performed full duty work, which included lifting over one hundred pounds, and frequent bending, stooping, and reaching. The greater weight of the evidence showed that any diminution in plaintiff's wages after the compensable injury by accident was due to the loss of the wrecked insulation truck and a reduction in defendant's business and was not caused by plaintiff's inability to earn wages due to his injury.
8. On or about February 13, 2003, plaintiff resigned his position with defendants because of defendants' failure to accept his claim for the injury sustained September 27, 2002.
9. On March 4, 2003 plaintiff obtained new employment with Contractors Resource performing the same insulation work he did for defendants and at the same or greater wages.
10. In a mediated settlement agreement signed by the parties dated July 14, 2003, defendants agreed to file an admission of liability for the injury by accident and to pay for plaintiff's medical treatment. However, defendants did not accept the claim until doing so orally on the record at the hearing before the Deputy Commissioner. Defendants also failed to pay for plaintiff's outstanding bills for medical treatment.
11. As part of the mediation agreement, defendants paid for a medical evaluation with Dr. Richard Ramos. Dr. Ramos recommended a course of physical therapy, which proved beneficial to plaintiff. Although the record appears to show that defendants paid for Dr. Ramos' evaluation, defendants did not pay compensation to plaintiff for time he missed from work to attend the physical therapy appointments. On October 10, 2003, Dr. Ramos released plaintiff to return to work with no restrictions and no permanent functional impairment.
12. As of the compensable injury by accident on September 27, 2002, plaintiff's average weekly wage was $404.79, which yields a compensation rate of $269.87.
13. Defendants have not defended this action without reasonable grounds.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident while in the course and scope of his employment with defendants on September 27, 2002 when he was involved in a motor vehicle accident. N.C. Gen. Stat. § 97-2(6).
2. As the result of the compensable injury by accident, plaintiff was temporarily totally disabled and entitled to temporary total disability for the time he was out of out of work from September 27, 2002 through October 6, 2002, as well as for any time missed for his physical therapy appointments while he was working for Contractors Resource. N.C. Gen. Stat. § 97-29.
3. Plaintiff resigned from his employment with defendants for reasons unrelated to the injury by accident. N.C. Gen. Stat. §97-32.
4. Plaintiff is entitled to receive medical treatment for his injury by accident which has been or will be necessary to effect a cure, lessen his period of disability, or relieve his pain. N.C. Gen. Stat. §§ 97-25, 97-25.1.
5. Defendants shall pay the Industrial Commission $1,000.00 as a sanction for failure to comply with the mediated settlement agreement and for representing to the Commission and Executive Secretary that this was a pay without prejudice claim without filing a Form 63. N.C. Gen. Stat. § 97-18(d), Rule 802, North Carolina Workers' Compensation Rules.
6. Defendants denied this claim even though the uncontroverted evidence showed that plaintiff was injured while riding in a company-owned vehicle while in the course and scope of his employment. Because defendants contested whether plaintiff sustained any injury in this accident, the proper procedure would have been to file a Form 63 and pay for plaintiff's initial medical treatment while investigating the claim. N.C. Gen. Stat. § 97-18(d). In that defendants were contesting that plaintiff sustained any disability as a result of the accident, an award of attorney's fees under N.C. Gen. Stat. § 97-88.1 is not appropriate. The defense of this claim at the hearing was reasonable and not stubborn, unfounded litigiousness. Sparks v.Mountain Breeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575
(1982).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff from September 27, 2002 until October 6, 2002, at the rate of $269.87 per week. This amount has accrued and shall be paid in a lump sum. In addition defendants shall pay plaintiff for any time missed from work to attend physical therapy. Such payment shall be subject to the attorney's fee ordered below.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability, including plaintiff's physical therapy.
3. Defendants shall pay the Industrial Commission $1,000.00 as a sanction for failure to comply with the mediated settlement agreement and for representing to the Executive Secretary that this was a pay without prejudice claim without filing a Form 63.
4. Plaintiff's counsel is entitled to a reasonable attorney's fee of 25% of all compensation awarded plaintiff. This amount shall be paid directly to plaintiff's counsel.
5. Defendants shall pay the costs of this action.
This the 13th day of October, 2004.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ PAMELA T. YOUNG COMMISSIONER
LKM/kjd