***********
In accordance with the directives of the North Carolina Court of Appeals, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employer-employee relationship existed between the parties at the time of the incident.
2. Defendant was the duly qualified employer at the time of the incident and was self-insured. Defendant's workers' compensation benefits were administered by Compensation Claims Solutions.
3. Genesis is the excess carrier in this matter.
4. The parties are subject to the North Carolina Workers' Compensation Act.
5. The date of injury is November 10, 1996.
6. The parties entered into a Form 21 Agreement on December 3, 1996. The Form 21 was filed with the Industrial Commission on January 27, 1997. Defendant has continued to pay plaintiff disability benefits and medical expenses.
7. During the pendency of this matter, the parties have formally mediated this claim on three separate occasions, the most recent mediation conference having been on May 1, 2001. At that time, the parties signed a mediation settlement agreement. Thereafter, defendant withdrew from the agreement. Plaintiff subsequently filed an amended Form 33 stating that "the employer and insurance company have failed to pay and comply and have breached the mediation agreement."
8. The parties entered the following exhibits into evidence at the hearing before Chief Deputy Commissioner Gheen:
a. Stipulated Exhibit #1: Pre-Trial Agreement.
b. Plaintiff's Exhibit A: Mediation Settlement Agreement dated May 1, 2001.
c. Defendant's Exhibit #1: defendant's authority/plaintiff's authority.
d. Defendant's Exhibit #2: Affidavit of Camden Frazier dated January 17, 2002 and attached Budget Ordinance for Fiscal Year 2001-2002, incorporated by reference.
9. The issue to be determined by the Commission is whether the mediation settlement agreement signed by the parties on May 1, 2001 is enforceable.
 ***********
In accordance with the directives of the North Carolina Court of Appeals, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff seeks enforcement of the terms agreed to by the parties at the mediated settlement conference and set forth in the mediated settlement agreement signed on May 1, 2001.
2. Defendant established a self-insurance program for workers' compensation in July 1991. Defendant has a self-insured retention in the amount of $250,000.00. Defendant has excess insurance coverage above that amount with Genesis, who is not a named party in this workers' compensation action.
3. The parties attended three mediation conferences to negotiate a settlement on this claim.
4. The third mediation settlement conference on May 1, 2001 was attended by the following: Twyla Casey, on behalf of plaintiff; Kate George, Risk Manager for Wake County; Larry Justice, for Compensation Claims Solutions; Kathlyn C. Hobbs, counsel of record for defendant; Robert V. Lucas, counsel of record for plaintiff; William Stevenson, consultant on behalf of plaintiff; and John Aldridge, mediator.
5. The evidence of record establishes that the excess carrier participated by telephone in the mediation settlement conference on May 1, 2001.
6. Twyla Casey, plaintiff's daughter, attended the mediation on behalf of plaintiff. Ms. Casey has power of attorney to handle her mother's affairs due to a decline in her mother's health.
7. On May 1, 2001, the parties reached an agreement that resolved all remaining issues in this claim. A mediation settlement agreement was drafted which stated:
 "The parties to the above referenced claim have agreed to settlement on the following terms:
 1. The Defendants [sic] will pay to the employee the sum of $750,000.
 2. If temporary total benefits are being paid, the payments will continue until the Agreement is approved.
3. . . .
 a. The Defendants will pay all related medical expenses. . . .
 b. The Defendants will pay all unpaid related medical expenses.
 4. The employee will execute a Clincher [Compromise Settlement] Agreement releasing the Defendants from all liability arising under the provisions of the N.C. Workers' Compenation Act whether by reason of an injury by accident or an occupational disease as defined by the Act. . . .
 5. The parties will share equally the mediator's fee. . . ."
8. The mediation settlement agreement was signed by: Twyla Casey on behalf of plaintiff; Larry Justice for Compensation Claims Solutions; Kathlyn C. Hobbs, counsel of record for defendant; Robert V. Lucas, counsel of record for plaintiff; and John Aldridge, mediator.
9. It was stipulated that all parties and their representatives agreed to the terms of the written agreement at the mediation settlement conference. Mr. Aldridge, as mediator, verified the agreed intent of the parties through his signature on the agreement.
10. Defendant was informed by Genesis on or before August 9, 2001 that Genesis was not willing to pay plaintiff under the terms of the mediation settlement agreement. Based upon this information, defendant withdrew its consent to the agreement.
11. On August 9, 2001, defendant's counsel informed plaintiff's counsel that defendant's excess carrier had changed its position subsequent to the mediation settlement conference. Based on this fact, defendant repudiated the agreement on or about August 9, 2001. No evidence was presented at the hearings before the Commission concerning the reasons for the excess carrier's change of position.
12. Defendant, having repudiated the agreement, did not prepare a compromise settlement agreement for plaintiff's execution.
13. Defendant, by Budget Ordinance adopted on June 18, 2001, authorized its county manager, or his designee, to make payments in an amount not to exceed $100,000.00 in "settlement of any liability claims against the County or against any of its officers or employees as provided by Resolution of May 20, 1995." The Resolution of May 20, 1995 was not introduced into evidence. Therefore, the 2001 Budget Ordinance did not describe the scope or extent of the authority of the county manager or his designee on May 1, 2001.
14. Camden Frazier, defendant's Finance Director, provided evidence that the Wake County Board of Commissioners must approve settlement of liability claims over $100,000.00 under certain established procedures. Mr. Frazier stated that in "a claim that is expected to settle for an amount over $100,000.00, the parties are informed that any agreement reached during the mediation is subject to the approval by the Board of County Commissioners." However, Mr. Frazier's testimony was a general statement of practice and was not his recollection of what the parties in the present case were actually advised.
15. The greater weight of the evidence establishes that defendant's representatives at the mediation conference did not advise plaintiff that the agreement was conditioned upon subsequent approval by defendant. Likewise, defendant failed to include any language in the agreement that the agreement was conditional pending subsequent approval by the Board of County Commissioners.
16. The agreement dated May 1, 2001 is enforceable notwithstanding the lack of approval of the Wake County Board of Commissioners. Rule 4(a)(1)(D) of the Rules for Mediated Settlement and Neutral Evaluation Conferences of the North Carolina Industrial Commission provides that:
 "a governmental entity shall be represented at the conference by an employee or agent . . . who has authority to decide on behalf of such party whether and on what terms to settle the action; provided, if under law, proposed settlement terms can be approved only by a board, the representative shall [have] authority to negotiate on behalf of the party and to make a recommendation to that board."
17. The greater weight of the evidence establishes that at the mediation defendant's representatives failed to disclose their limited authority or to include the necessity of subsequent approval of the settlement agreement by the Wake County Commissioners in the executed settlement agreement. Rule 4(d) requires that "all of the terms of [the]agreement bearing on the resolution of the dispute" (emphasis added) shall be reduced to writing. Defendant's representatives acted with apparent authority to fully negotiate and authorize the settlement reached.
18. At all relevant times, plaintiff was, and remains, ready and willing to comply with the terms of the agreement reached on May 1, 2001.
19. Defendant has continued to pay plaintiff compensation for total disability benefits and medical expenses as approved by the Commission pursuant to the Form 21 filed on January 27, 1997.
20. The issues presented in this case involve significant disputed questions of law. The prosecution and defense of this action have not been unfounded or litigious.
 ***********
In accordance with the directives of the North Carolina Court of Appeals, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The North Carolina Court of Appeals has held that a written memorandum of mediated settlement is a valid compromise settlement agreement subject to the approval of the Industrial Commission. Lemly v.Colvard Oil Co., 157 N.C. App. 99, 577 S.E.2d 712 (2003). Once submitted, the Commission must determine the agreement to be fair and just and in the best interest of all parties in order to approve the settlement agreement. N.C. Gen. Stat. § 97-17; Rule 502(1) of the North Carolina Workers' Compensation Rules.
2. Therefore, under Lemly v. Colvard Oil Co., supra, the mediation settlement agreement entered into by the parties on May 1, 2001 was a valid compromise settlement agreement subject to approval by the Industrial Commission pursuant to Rule 502(1).
3. Upon submission by the parties of the settlement agreement in proper form, the Commission shall review the agreement to determine whether it is fair and just and in the best interest of all parties as required by the Workers' Compensation Rules.
4. This action was not brought or defended upon unreasonable grounds, and actions of the parties were not based upon stubborn, unfounded litigiousness. Therefore, neither party is entitled to the payment of attorney's fees under N.C. Gen. Stat. § 97-88.1. Sparks v. MountainBreeze Restaurant, 55 N.C. App. 663, 296 S.E.2d 575 (1982).
 ***********
Based on the foregoing findings of facts and conclusions of law, the Full Commission enters the following:
 ORDER
1. The parties shall submit the compromise settlement agreement to the undersigned panel of the Industrial Commission within 60 days of the issuance of this Opinion and Award. Thereafter, the Commission shall determine whether the agreement shall be approved. In the event that the compromise settlement agreement is not finalized within the 60 day period, the parties shall notify the undersigned panel of the status of the agreement and may request additional time for submission of the agreement.
2. Each side shall bear its own costs.
This the 21st day of February 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING WITH SEPARATE OPINION:
 S/____________ BUCK LATTIMORE CHAIRMAN