* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case.
2. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
3. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
4. At all times relevant herein, an employment relationship existed between plaintiff and defendant-employer.
5. Defendant-employer was an approved self-insured with Gallagher Bassett Services, Inc. acting as the third-party administrator on September 25, 2002, the date of injury.
6. Plaintiff suffered a compensable injury by accident on September 25, 2002.
7. Plaintiff's average weekly wage was $280.10, yielding a compensation rate of $186.74 per week.
8. The Pre-Trial Agreement, along with any and all stipulations that have been submitted by the parties, are hereby incorporated by reference as though they were fully set out herein.
9. The issues before the Full Commission are whether defendant is required to provide plaintiff with additional benefits under the North Carolina Workers' Compensation Act, including but not limited to home health care, home modification and mobility assistance as a result of her admittedly compensable injury of September 25, 2002; and, if so, when plaintiff's entitlement to the benefits began; and whether defendant is subject to penalties including, but not *Page 3 
limited to, attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 for denying treatment for plaintiff without reasonable grounds.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On September 25, 2002, plaintiff sustained an admittedly compensable injury to her back. Plaintiff was assisting a patient and the patient began to fall. Plaintiff attempted to catch the patient and injured her back.
2. Defendant accepted plaintiff's claim for benefits on a Form 60 that was filed on April 9, 2003. The Form 60 listed plaintiff's average weekly wage at a rate lower than what was stipulated to by the parties. Defendant subsequently filed another Form 60 on March 5, 2004, which reflected the correct average weekly wage and compensation rate. Defendant has paid indemnity benefits and directed medical treatment since plaintiff's admittedly compensable injury.
3. Plaintiff initially sought treatment with Pro Med and was diagnosed with a lumbar strain. Plaintiff continued to treat with Pro Med through October 9, 2002. Following her October 9, 2002 appointment, plaintiff was referred to Dr. Stephen Furr of Centralina Orthopaedic and Sports Medicine in Salisbury. Plaintiff saw Dr. Furr on October 10, 2002 and continued to treat with him until her care was transferred to Carolina Neurosurgery Spine Associates.
4. On April 23, 2003, Dr. David Jones of Carolina Neurosurgery Spine Associates evaluated plaintiff. On August 6, 2003, Dr. Jones performed a Gill decompression to L4-5 *Page 4 
followed by posterior lumbar interbody fusion to L4-5. Plaintiff continues to suffer from ongoing, mechanical back pain since her August 6, 2003 surgery. On March 4, 2004, Dr. Jones assigned plaintiff a 30% permanent partial impairment rating to the back.
5. On November 15, 2004, plaintiff's treating physician was changed to Dr. Vinay Deshmukh, also of Carolina Neurosurgery and Spine Associates. Plaintiff continues to treat with Dr. Deshmukh at the direction and with the authorization of defendant. Plaintiff also receives treatment from Northeast Pain Management Center for ongoing, mechanical back pain.
6. Due to her ongoing pain and back problems, plaintiff continues to have problems with mobility, caring for herself, and the activities of daily living.
7. On April 6, 2005, Dr. Deshmukh ordered plaintiff to have three to four hours of assistance with activities of daily living through home healthcare; that her home be modified by retro-fitting her bathroom to accommodate a walk-in shower, handicap friendly toilet, a new sink and handrails; and that she have an electric wheelchair for mobility. Dr. Deshmukh ordered these services again on July 12, 2005.
8. At his deposition, Dr. Deshmukh testified that plaintiff can ambulate with a cane and is limited only by her pain. He also testified that plaintiff required additional modifications to her home such as ramps, widening interior and exterior doors, inspection of the flooring systems to accommodate an electric scooter, kitchen modifications, handrails in the bedroom, a hospital-type bed and therapeutic mattress, a lift-chair for the living room, relocation of light switches and electrical sockets, a new heating and cooling system, a medical call system, and fire extinguishers. Dr. Deshmukh testified that all of his recommendations, including the home modifications, were medically necessary even if plaintiff has the assistance of a certified nursing assistant (CNA), because a CNA would only be with plaintiff for three to four hours per day. Dr. *Page 5 
Deshmukh testified that the additional modifications he recommended at his deposition were also necessary, although he had never been to plaintiff's home and plaintiff never told him that she required them.
9. Melanie Marshall, who was retained by defendant to assist with vocational rehabilitation, recommended that plaintiff be provided with the services ordered by Dr. Deshmukh. Defendant also procured the services of Vickie Perkins to do an in-home assessment of plaintiff's residence for the purpose of determining what, if any, assistance plaintiff needed and/or what, if any, modifications needed to be performed to plaintiff's residence in light of Dr. Deshmukh's orders. Ms. Perkins recommended that defendant authorize Dr. Deshmukh's recommendations. At her deposition, Ms. Perkins testified that a CNA in the Salisbury or Charlotte area would charge between $17.50 and $18.00 per hour in 2006 and between $15.75 and $18.00 per hour in 2005, but she was not aware of rates for home healthcare assistants. She testified that sitters would make less than a CNA, ranging from $16.75 to $18.00 per hour.
10. Defendant has been aware of Dr. Deshmukh's prescription as to plaintiff's need for in-home assistance, home modifications and wheel chair needs since April of 2005. Defendant has provided plaintiff with an electric wheelchair, as ordered by Dr. Deshmukh. However, defendant has not provided plaintiff with home health care assistance or home modifications.
11. Plaintiff has been unable to live in her home since the winter of 2004. Plaintiff needs assistance with cooking, cleaning, bathing, other personal hygiene needs, shopping, transportation, and other household chores and duties. Plaintiff's sister, Claudette Camara, and a friend, Emma Murphy, have been plaintiff's primary caregivers and have provided her housing and home health care assistance since the winter of 2004. *Page 6 
12. Plaintiff attempted to engage in vocational rehabilitation beginning in January 2005 with the assistance of Ms. Marshall. However, due to plaintiff's disability, education, job experience, and transferable skills, the Full Commission finds that plaintiff was and is not a candidate for vocational placement.
13. Defendant has not defended this claim upon unreasonable grounds.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On September 25, 2002, plaintiff sustained an admittedly compensable injury to her back arising out of and in the course of her employment. N.C. Gen. Stat. § 97-2(6).
2. Pursuant to a Form 60, defendant has paid plaintiff indemnity benefits and directed her medical treatment since her admittedly compensable injury. Plaintiff has been and is still unable to work due to her injuries and is therefore disabled under N.C. Gen. Stat. §97-2(9).
3. Plaintiff is entitled to ongoing indemnity benefits at a rate of $186.74 per week until further order of the Commission. N.C. Gen. Stat. § 97-29. This compensation has been and is currently being paid to plaintiff by defendant.
4. Plaintiff is entitled to all medical expenses, incurred or to be incurred, as a result of his compensable injury, for so long as such examinations, evaluations and treatments, may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
5. Although not part of the evidence of record, plaintiff's counsel informed the Full *Page 7 
Commission at hearing that plaintiff's home is owned by her brother. Therefore, because plaintiff does not own her home, the Full Commission is unable to order that accommodations and modifications be made to that house. However, defendant shall provide plaintiff with handicap accessible housing and reasonable accommodations. Defendant has provided plaintiff with an electric wheelchair, as Dr. Deshmukh recommended and, as such, is not required to provide plaintiff with an electric scooter. N.C. Gen. Stat. §§ 97-2(19); 97-25.
6. Plaintiff is entitled to payment by defendant of attendant care for four hours per day beginning April 6, 2005 and continuing. N.C. Gen. Stat. § 97-2(19). The record does not contain sufficient evidence of the market hourly rate for an unskilled attendant or sitter.
7. Defendant did not defend this action without reasonable grounds and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 286 S.E.2d 575 (1982).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff ongoing indemnity benefits at the rate of $186.74 per week until further order of the Industrial Commission.
2. Defendant shall provide the level of attendant care recommended by Dr. Deshmukh, including payment of attendant care for four hours per day, beginning April 6, 2005 and continuing until it has been determined by plaintiff's treating doctor that she no longer needs the same. *Page 8 
3. Defendant shall reimburse plaintiff for attendant care provided by her primary care givers, Claudette Camara and Emma Murphy, for care they provided to plaintiff since April 6, 2005. Plaintiff's primary care givers have submitted adequate documentation indicating the dates and times they provided care for plaintiff. However, because the record does not contain sufficient evidence of the market hourly rate for an unskilled attendant or sitter, the parties shall stipulate to an appropriate hourly rate or may request Commission approval to take depositions or submit other evidence concerning an hourly rate for unskilled attendant care. In the event that Ms. Camara or Ms. Murphy are not willing or able to provide attendant care in the future, defendant shall pay for the services of a CNA, as long as medically necessary.
4. Defendant shall pay all related medical expenses, incurred or to be incurred by plaintiff as the result of her injury by accident.
5. Plaintiff's request for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 is hereby DENIED.
6. Defendant is hereby ordered to pay the costs of this proceeding including, the costs of the taking of the deposition testimony.
This 22nd day of March, 2007.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS *Page 9 
COMMISSIONER
 S/___________________ PAMELA T. YOUNG COMMISSIONER *Page 1