***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 *********** The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: STIPULATIONS *Page 2 
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. Defendant-employer employed the requisite number of employees to be bound under the provisions of the Act at the time of the alleged incident.
3. The date of plaintiff's injury is March 9, 2006.
4. An employment relationship existed between plaintiff and defendant-employer on March 9, 2006.
5. Travelers Property Casualty Company of America was the carrier on the risk.
6. Plaintiff's average weekly wage is $400.00, which yields a compensation rate of $266.68.
7. Plaintiff received treatment from the following medical providers:
 a. Dr. William Isbell
 b. Dr. Kevin Speer
 c. NovaCare PT
 d. Dr. Mark Moriarty
 e. Johnston Memorial Hospital
 f. Wilson Regional MRI
 g. Raleigh Radiology
 h. Carolina Back Institute
8. The following evidence was received into evidence at the Deputy Commissioner's hearing:
 a. Stipulated Exhibit #1: Medical records
 b. Stipulated Exhibit #2: Industrial Commission forms
9. The issues before the Deputy Commissioner were whether defendants should *Page 3 
provide plaintiff a cervical spine MRI and treatment as recommended by his treating physician, and whether any potential spine abnormalities were related to the injury of March 9, 2006. Subsequent to the Deputy Commissioner's hearing, defendants paid for plaintiff's cervical MRI and treatment. The only issue remaining before the Full Commission is whether plaintiff is due attorney's fees under N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACTS
1. At the time of the Deputy Commissioner's hearing, plaintiff was 43 years old. She was employed with defendant-employer, a children's store, since 2005. On March 9, 2006, plaintiff was employed as a third key manager, which required plaintiff to open and close the store, make bank deposits, stock and perform some maintenance duties.
2. On March 9, 2006, plaintiff sustained an injury by accident when a ladder fell sideways in the stockroom and she tried to catch it with her right upper extremity, injuring her neck and right shoulder. On July 28, 2006, defendants accepted plaintiff's shoulder injury on a Form 60.
3. Plaintiff sought treatment with Dr. William Isbell for neck pain, shoulder pain and numbness and tingling in her right arm. Dr. Isbell ordered an MRI, which revealed a tear in plaintiff's right shoulder. As a result of the MRI findings, plaintiff underwent surgery on October 24, 2006.
4. On December 5, 2007, plaintiff returned to Dr. Isbell with continued complaints of pain in the trapezius area and numbness and tingling into the fingers of her right hand. Dr. *Page 4 
Isbell ordered a second MRI of the cervical spine and trigger point injections. Plaintiff returned to work in January 2007 with restrictions, but continued to experience problems performing her work duties.
5. At the time of the Deputy Commissioner's hearing, neither the cervical spine nor trigger point injections were authorized by defendants. Plaintiff continued to work at defendant-employer with permanent restrictions.
6. Plaintiff filed a medical motion requesting defendants pay for the cervical MRI and trigger point injections. Special Deputy Commissioner Meredith Henderson ordered defendants to pay for trigger point injections, but not the cervical MRI. Plaintiff appealed by filing a Form 33.
7. At his deposition on July 25, 2008, Dr. Isbell testified that plaintiff's need for the cervical MRI and further treatment for her neck and arm pain was caused by the work incident on March 9, 2006. Dr. Isbell also testified that the cervical MRI is reasonable and necessary for plaintiff.
8. Following the receipt of the Deputy Commissioner's Opinion and Award, defendants paid for plaintiff's cervical MRI and further treatment.
9. Defendants defended this action without reasonable grounds from the date of Dr. Isbell's deposition until they paid for plaintiff's cervical MRI and treatment.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 5 
1. N.C. Gen. Stat. § 97-25 mandates that "medical compensation shall be provided by the employer." The Workers' Compensation Act defines this term to include "medical, surgical, hospital, nursing, and rehabilitative services, and medicines, sick travel, and other treatment . . . as may reasonably be required to effect a cure or give relief[.]" N.C. Gen. Stat. § 97-2(19) (2005).
2. Plaintiff has met her burden of proof through medical testimony that her current condition of neck pain and right hand paresthesia is related to the accident which is the subject of this claim.
3. The defense of this claim was without reasonable grounds from the date of Dr. Isbells' deposition until defendants paid for plaintiff's cervical MRI and treatment. Therefore, plaintiff is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1; Sparks v. MountainBreeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall provide plaintiff with medical treatment for neck pain and right hand paresthesia as it relates to the March 9, 2006 injury, including the cervical spine MRI and trigger point injections recommended by Dr. Isbell.
2. Defendants defended this action without reasonable grounds from the date of Dr. Isbells' deposition until defendants paid for plaintiff's cervical MRI and treatment and, therefore, plaintiff is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Defendants shall pay a reasonable attorney's fee to plaintiff's counsel in the amount of $2,500.00. *Page 6 
3. Defendants shall pay the costs.
This 20th day of April 2009.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING IN PART, DISSENTING IN PART:
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 7