*********** EVIDENTIARY RULINGS
Defendant's Motion to Reopen the Record to Admit Additional Evidence bearing on the issue of whether attorney's fees should be assessed pursuant to N.C. Gen. Stat. § 97-88.1 is DENIED. The Court of Appeals' mandate on remand is clear and requires that the Commission enter a decision awarding attorney's fees to Plaintiff pursuant to N.C. Gen. Stat. § 97-88.1. *Page 2 
Defendant's Motion to Strike Exhibits to Plaintiff's Memorandum on Remand is GRANTED.
***********
 DECISION ON REMAND
The Opinion and Award of the Full Commission, filed March 25, 2010, is hereby adopted and incorporated by reference as if fully set forth herein, with the following changes:
 1. Finding of Fact No. 38 is hereby deleted and replaced with:
 38. Defendant defended this claim without reasonable basis. Defendant intentionally disregarded information confirming the obvious compensability of the injury alleged and asserted and maintained implausible bases for denial.
 2. Conclusion of Law No. 5 is hereby deleted and replaced with:
 5. Because Defendant's defense of this claim was unreasonable and grounded in unfounded and stubborn litigiousness, Plaintiff is entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v. Mountain Breeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 3. Paragraphs 1 and 3 of the Award are hereby deleted and replaced with:
 1. Defendant shall pay Plaintiff total disability compensation at the rate of $786.00 per week beginning September 10, 2008 and continuing until such time as Plaintiff returns to work or further Order of the Industrial Commission. The compensation is subject to a partial credit for short-term disability compensation and full credit for any long-term disability compensation paid to Plaintiff.
3. In addition to the compensation awarded to Plaintiff in paragraph 1, Defendant shall pay Plaintiff's counsel a fee equal to twenty-five percent of the compensation awarded Plaintiff in paragraph 1, after deduction for the credits. In addition to a fee in the amount of twenty-five percent of the accrued lump sum, Defendant shall continue to pay Plaintiff's attorney's fee going forward, such that a check in the amount of $786.00 shall be issued to Plaintiff's counsel every four weeks during such time as Plaintiff continues to receive temporary total disability benefits. *Page 3 
This the __ day of November, 2011.
 S/___________________ TAMM R. NANCE COMMISSIONER
CONCURRING:
 S/_____________ LINDA CHEATHAM COMMISSIONER
 S/_____________ CHRISTOPHER COTT COMMISSIONER *Page 1